UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| v. } | Case No.: 4:18-CR-235-RDP-SGC-1 |
| } | |
| JEFFERY JAMES STONE, } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Jeffery James Stone's Motion for Compassionate Release/Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and for Appointment of Counsel. (Doc. # 28).

**I.    Background**

On August 27, 2018, Stone pleaded guilty to two counts: (1) Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), and (2) Possession of Firearm in Furtherance of Drug-Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Docs. # 14, 17, 27). On January 11, 2019, Stone was sentenced to be imprisoned for a total term of one hundred twenty-seven (127) months: ninety-seven (97) months as to Count 1, plus a consecutive thirty (30) months as to Count 2. (Docs. # 25 at 2, 27 at 2).

Stone asserts that, on April 18, 2020, he filed a request with the warden of FCI Talladega (presumably for compassionate release under § 3582), and that over 30 days had elapsed without a response before he filed his current Motion. (Doc. # 28 at 2).

Stone's "argument is based primarily on extraordinary and compelling reasons for sentence reduction due to [his] pre-existing medical condition during this COVID-19 pandemic." (Doc. #

29 at 2). Stone is 39-years old. He suffers from Immotile Cilia syndrome. (Docs. # 23 at 25, 28 at 1). Primary ciliary dyskinesia, of which Immotile Cilia syndrome is a type, is a disorder characterized by chronic respiratory tract infections.[1] Stone reported, and his father has corroborated, that he was in an oxygen tent until he was three years old. (Doc. # 23 at 25). However, he also reported that, as an adult, he has had a history of mixed martial arts fighting. (*Id.*).

Stone is currently an inmate at FCI Talladega, which houses 823 inmates.[2] FCI Talladega currently has seven inmates and seven staff with active COVID-19 cases. Sixteen inmates and seven staff have recovered from COVID-19.[3]

## II.     Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). The exception in 18 U.S.C. § 3582(c)(1)(A) provides that, when a defendant has exhausted his or her administrative remedies, the court may exercise its discretion to reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if 1) extraordinary and compelling reasons warrant such a reduction and 2) such a reduction is consistent with applicable policy statements. *United States v. Smith*, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020). "The defendant generally bears the burden of establishing that

---

[1] https://ghr.nlm.nih.gov/condition/primary-ciliary-dyskinesia

[2] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results

[3] https://www.bop.gov/coronavirus/

compassionate release is warranted." *Id.* (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

### III.     Analysis

Stone argues that the spread of COVID-19, in combination with his underlying medical conditions, presents an extraordinary and compelling reason justifying his release. (Docs. # 28 and 29).

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

#### A.     Administrative Exhaustion Requirement

A district court is not free to modify a term of imprisonment once it has been imposed, except in two circumstances: upon motion of the Director of the BOP; or upon motion by a defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the Warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009).

After reviewing the applicable law and facts asserted here, the court finds that Stone appears to have satisfied the compassionate release statute's 30-day exhaustion requirement. He

filed his Motion on June 22, 2020. (Doc. # 28). At that time, more than 30 days have lapsed since Stone made his April 18, 2020 request to the Warden to file a motion for compassionate release due to COVID-19 on his behalf, apparently without a response from the Warden. (Doc. # 28 at 2). As such, Stone appears to have satisfied the compassionate release statute's 30-day exhaustion requirement.

**B.     Section 3553(a) Factors and Extraordinary and Compelling Reasons**

Although Stone has demonstrated that he satisfied the statute's exhaustion requirement, the question still remains whether, "considering the factors set forth in [§] 3553(a)," "extraordinary and compelling reasons warrant" a reduction in his sentence, "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

United States Sentencing Guideline § 1B1.13 is the applicable policy statement related to compassionate release. That section, which was adopted before Congress authorized a defendant to seek relief under § 3582(c) on his own behalf, essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant "not be a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release. In particular, Application Note 1 states:

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant --
>
>   (i) The defendant is suffering from a terminal illness[.]
>
>   (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the

4

environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances --

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1. As noted, the basis for compassionate release must be "consistent with" this policy statement. 18 U.S.C. § 3582(c)(1)(A)(i).

Application Note 1(A)(i) applies to terminal illnesses. Application Note 1(A)(ii) applies to conditions that "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility" and from which an inmate "is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1. There is no record evidence supporting either requirement here. Although Stone has requested the opportunity to submit past medical records, those records are not relevant to the court's current inquiry. Stone states that he is "currently serving [his] third year of a 12 year sentence for methamphetamine." (Doc. # 28). Thus, the relevant medical records would be ones indicating either that he currently has a terminal illness or that he is unable to care for himself while in prison. Rather, he has stated that his concern is that, because of his Immotile Cilia syndrome, he is "highly susceptible, vulnerable and at high risk for COVID-19." (Doc. # 28

5

at 1-2). However, that susceptibility does not present the "extraordinary and compelling reasons warrant[ing a sentence] reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Even if extraordinary and compelling reasons existed, the guideline factors at § 1B1.13 and the statutory factors at § 3553(a) weigh against compassionate release in Stone's case. To begin, § 1B1.13(2) – which § 3582(c) incorporates – states that a sentence may be reduced only when "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Starting with recidivism, the Pre-Sentence Investigation Report ("PSR") indicates that Stone has an extensive criminal history. (Doc. # 23). Not even counting his juvenile offenses, he has 19 prior arrests. (*Id.*). Although most of those 19 arrests were not for serious offenses, his criminal history clearly indicates that there is a risk of recidivism.

As to whether Stone's offenses were non-violent, § 1B1.13(2) incorporates by reference 18 U.S.C. § 3142(g), which provides factors to determine whether a person is a "danger to the safety of any other person or the community." Among those factors is whether the defendant possessed a firearm; whether the offense involved a controlled substance; and whether, at the time of the current offense, the person was on probation, parole, or other release pending completion of a sentence. 18 U.S.C. § 3142(g). The offense which resulted in Stone's current incarceration involved a number of controlled substances. He was arrested with a stolen pistol, and a rifle was later found in the room where he was staying. (Doc. # 14 at 3-4). Therefore, Stone poses a danger to the community.[4]

---

[4] Some courts have concluded that the term "safety of the community" refers "not only to the mere danger of physical violence but also to the danger that the defendant might engage in criminal activity to the community's detriment." *United States v. Mackie*, 876 F. Supp. 1489, 1491 (E.D. La. 1994) (reviewing same phrase in 18 U.S.C. § 3148, which, like 1B1.13 incorporates § 3142(g)). That is certainly the case with drug crimes.

Finally, Stone has served less than half of his ten-and-a-half-year term of incarceration. So, in contrast to cases in which courts have granted compassionate release during the COVID-19 pandemic, Stone has served only a fraction of his sentence to date. To reduce Stone's sentence as requested would diminish his transgressions and undermine the goals of the original sentence, among them, the need to dispense adequate punishment for defendant's multiple acts throughout his criminal career and to deter others from emulating his behavior.

**IV.   Conclusion**

Having considered all of the materials submitted to the court, Stone's Motion for Compassionate Release/Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and for Appointment of Counsel. (Doc. # 28) is **DENIED**.

**DONE** and **ORDERED** this September 15, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE