UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| v. | } |
| JEFFERY JAMES STONE, | } Case No.: 4:18-CR-235-RDP-SGC-1 |
| Defendant. | } |

# MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant Jeffery James Stone's Motion for Reduction in Sentence ("RIS") for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. # 34).

## I.     Background

On August 27, 2018, Defendant pled guilty to two counts: (1) Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and (2) Possession of a Firearm in Furtherance of a Drug-Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Docs. # 14, 17). On January 10, 2019, Defendant was sentenced to be imprisoned for a total term of 127 months: 97 months as to Count One, plus a consecutive sentence of 30 months as to Count Two. (Doc. # 27).

Defendant is currently housed at Federal Correctional Institute Talladega ("FCI Talladega") with a projected release date of 2027.[1] (Doc. # 34 at 2). Defendant argues that his "efforts to obtain dentures" and the "medical condition[s] that could have been prevented if the [Bureau of Prisons] had provided health care in a timely manner" has resulted in him being denied dentures for over

---

[1] The Federal Bureau of Prisons ("BOP") website provides information regarding an inmate's placement and projected release date. https://www.bop.gov/inmateloc/.

four years, and consequently was diagnosed with periodontal disease and acid reflux. (Doc. # 34 at 1, 3, 6). Defendant asserts that he made a request to the Warden of FCI Talladega for compassionate release[2] and further asserts that over thirty days have elapsed since he made his request, and he has not received a response from the Warden, thereby prompting him to file this Motion.[3] (*Id.*).

## II.     Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). The exception in 18 U.S.C. § 3582(c)(1)(A) provides that, when a defendant has exhausted his or her administrative remedies, the court may exercise its discretion to reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if (1) extraordinary and compelling reasons warrant such a reduction and (2) such a reduction is consistent with applicable policy statements. *United States v. Smith*, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020). A movant under § 3582(c)(1)(A) bears the burden of establishing that a sentence reduction is warranted. *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (citing *United States v. Green*, 764 F.3d 1353, 1356 (11th Cir. 2014). The statute states the district court *may* reduce a defendant's sentence, so the court's decision is discretionary. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

---

[2] The court is unable to discern the exact date that Defendant made the request to the Warden of FCI Talladega.

[3] The court notes that Defendant previously filed a motion for compassionate release on June 22, 2020. (Doc. # 28). That motion was denied on September 15, 2020. (Doc. # 31).

**III.    Analysis**

Defendant argues that the BOP's lack of effort to provide him with dentures has led to him suffering from medical conditions, such as periodontal disease and acid reflux, and that this would have been prevented if the BOP had provided him care in a timely manner. He further contends that these circumstances meet the extraordinary and compelling requirement necessary to justify compassionate release. (Doc. # 34 at 1, 3).

18 U.S.C. § 3582(c)(1)(A)(i) states:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

**A.    Administrative Exhaustion Requirement**

A district court is not at liberty to modify a term of imprisonment once it has been imposed, except in two circumstances: (1) upon motion of the Director of the BOP; or (2) upon motion by a defendant, after he or she has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his or her behalf, or thirty days have elapsed from receipt of such request by the Warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 Fed. App'x 278, 280 (11th Cir. 2009).

On July 15, 2023, Defendant's request for compassionate was received by the Warden. (Doc. # 36-1). The Warden denied Defendant's request six days later, on July 21, 2023. (Doc. # 36-1). Defendant filed the current Motion for RIS/Compassionate Release on July 27, 2023. (Doc.

3

# 34). Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted *all administrative rights to appeal* a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). It appears Defendant took no steps to appeal the BOP's initial denial of his request. Therefore, the court concludes that Defendant has not satisfied the compassionate release's exhaustion requirement.

## B.      Section 3553(a) Factors and Extraordinary and Compelling Reasons

Even if Defendant had satisfied the exhaustion requirement, his Motion is due to be denied on the merits because Defendant has not shown that "extraordinary or compelling reasons warrant" a reduction in his sentence consistent with the Sentencing Commission's applicable policy statements. 18 U.S.C. § 3582(c)(1)(A)(i).

United States Sentencing Commission Guideline § 1B1.13 is the applicable policy statement related to compassionate release. That section, which was adopted before Congress, authorized a defendant to seek relief under § 3582(c) on his or her own behalf, essentially reiterating the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant "not be a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(2). The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant compassionate release. In particular, Application Note 1 states:

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant --
>
>     (i) The defendant is suffering from a terminal illness[.]

> (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances --
>
>     (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>     (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1. As noted, the basis for compassionate release must be "consistent with" this policy statement. 18 U.S.C. § 3582(c)(1)(A)(i).

Defendant has not shown that any of these circumstances apply here. Thus, he has not presented "extraordinary or compelling reasons warrant[ing a sentence] reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant asserts that, for the past four and half years, he regularly requested dentures, but his requests were denied each time. (Doc. # 34 at 1, 6). And, he asserts these denials have resulted in Defendant developing periodontal disease and acid reflux. (Doc. # 34 at 1, 3). Application Note 1(A)(i) applies to terminal illnesses and Application Note 1(A)(ii) applies to conditions that "substantially diminish[] the ability of the defendant to provide self-care within the environment of the correctional facility" and from which an inmate "is not expected to recover." Neither of these circumstances is presented here.

Even if extraordinary or compelling reasons did exist here (and, to be clear, that is not the case), the guideline factors at § 1B1.13 and the statutory factors at § 3553(a) weigh against

compassionate release in Defendant's case. Section 1B1.13(2)—which § 3582(c) references—states that a sentence may only be reduced when "[t]he defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." Defendant has an extensive criminal history, including but not limited to nineteen prior arrests. (Doc. # 23).

Defendant's offenses represent an extensive list of crimes evidencing a substantial risk of recidivism and violence. According to § 1B1.13(2), which incorporates 18 U.S.C. § 3142(g), the factors a court examines in determining whether a person is dangerous "to the safety of any other person or the community" include (1) whether the person possessed a firearm; (2) whether the offense involved a controlled substance; and (3) whether, at the time of the offense, the person was on probation, parole, or other release pending completion of a sentence. Defendant's current imprisonment is based on his offense involving possession of several controlled substances. At the time of Defendant's arrest, he had a stolen pistol, and a rifle was later found where he was residing. (Doc. # 14 at 3-4). Thus, there is no question that Defendant poses a danger to others and the community.[4]

Further, Defendant has served less than half of his term of imprisonment. The BOP lists his anticipated release date as 2027. In comparison to most cases in which courts grant compassionate release, Defendant has only served a fraction of his sentence to date. To reduce Defendant's sentence as requested would diminish his transgressions and undermine the goals of the original sentence, among them, the need to dispense adequate punishment for his multiple acts throughout his criminal career and to deter others from emulating his behavior.

---

[4] Some courts have concluded that the term "safety of the community" refers "not only to the mere danger of the physical violence but also to the danger that the defendant might engage in criminal activity to the community's detriment." *United States v. Mackie*, 876 F. Supp. 1489, 1491 (E.D. La. 1994).

### IV. Conclusion

Having considered all the material submitted to the court, Defendant's Motion for Reduction In Sentence (RIS) for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**DONE** and **ORDERED** this October 6, 2023.

                                                      _____
                                                      **R. DAVID PROCTOR**
                                                      UNITED STATES DISTRICT JUDGE